## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON DALTON,<br><br>*Plaintiff,*<br><br>v.<br><br>NPC INTERNATIONAL, INC.,<br>*Defendant.* | Case No. 17-cv-4012 (PAM/LIB)<br><br>**AMENDED COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Aaron Dalton, by and through the undersigned counsel, brings this action against Defendant NPC International, Inc., a Kansas business corporation, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers at the restaurant known as "Pizza Hut".

2. The violations alleged in this complaint occurred at "Pizza Hut", located at 1045 W Lincoln Ave W, Fergus Falls, MN 56537.

3. Defendant's failure to provide equal access to "Pizza Hut" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendant's conduct constitutes an ongoing and continuous violation of the law.

- 1 -

5.      Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7.      Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.      Plaintiff Aaron Dalton is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

9.      Mr. Dalton suffers from Cerebral Palsy, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is substantially limited in major life activities, including standing and walking. Plaintiff is therefore a member of a protected class under

the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10.     Defendant NPC International, Inc., a Kansas business corporation, is the operator and lessee of the real property and improvements which are the subject of this action, the restaurant "Pizza Hut", a place of public accommodation within the meaning of the ADA, located at the street address of 1045 W Lincoln Ave W, Fergus Falls, MN 56537.

## FACTUAL BACKGROUND

11.     Plaintiff uses a large power wheelchair for mobility and owns a van with a wheelchair lift that allows him to travel around the Minneapolis/St. Paul metropolitan area, as well as greater Minnesota. Plaintiff plans to take another trip up North next summer. Plaintiff cannot drive his van himself. Instead, he requires the assistance of a personal care assistant to drive his van for him. Plaintiff regularly travels around Minnesota, including northern Minnesota.

12.     When he visited on June 24, 2017, Plaintiff found that the "Pizza Hut" customer parking lot had approximately 48 total parking spaces.

13.      Plaintiff found 2 parking space reserved for persons with disabilities.

14.     The reserved parking spaces had signs identifying them as accessible parking spaces.

15.     The reserved parking spaces lacked adjacent access aisles that extended the full length of the parking spaces.

16.     Photographs in Exhibit A to this Complaint depict the parking spaces in the "Pizza Hut" customer parking lot as they appeared June 24, 2017.

17.     There were two public entrances at "Pizza Hut." One of the entrances was not located on an accessible path of travel and was not an accessible means of egress. No signage identified an accessible entrance or an accessible means of egress. No signage at the inaccessible entrance indicated the presence of an accessible entrance.

18.     The service counter was excessively tall.

19.     As a result of the architectural barriers in the customer parking lot, Plaintiff was deterred from visiting "Pizza Hut".

20.     Plaintiff lives in Burnsville, Minnesota and travels throughout Minnesota, including Fergus Falls. He attempted to patronize "Pizza Hut", but was deterred, due to the lack of accessible parking.

21.     In light of the architectural barriers at "Pizza Hut", Plaintiff is deterred from visiting "Pizza Hut" in the future. Plaintiff would like to be able to patronize "Pizza Hut", but these architectural barriers deter him from doing so. He plans to return and patronize "Pizza Hut" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

22.     Plaintiff attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA, Plaintiff cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

23.     The architectural barriers alleged in this complaint also violate Minnesota Human Rights Act, Minn. Stat. Chapter 363A.  Notice of the architectural barriers at "Pizza Hut" as required under Minn. Stat. 363A.331, subd. 3, is hereby given and attached as Exhibit B to this complaint.

## FACTUAL ALLEGATIONS

24.    Defendant has discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "Pizza Hut". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Pizza Hut" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

a.  "Pizza Hut" had approximately 48 total parking spaces in its customer parking lot, but had 0 accessible parking spaces complying with ADAAG 502, in violation of ADAAG 208.2. Plaintiff uses a wheelchair for mobility and requires compliant accessible parking spaces to make safe transfers between his vehicle and the customer parking lot.

b.  "Pizza Hut" had 0 van parking spaces complying with ADAAG 502, in violation of ADAAG 208.2.4. Plaintiff often uses a wheelchair van for mobility, and in these events, requires adequate space to make a safe transfer between the van and the customer parking lot.

c.  The 2 reserved parking spaces lacked adjacent access aisles that extended the full length of the spaces, in violation of ADAAG 502.3.2.  When Plaintiff uses a wheelchair van to travel he requires sufficient space to move between the vehicle and the parking lot.

d.  "Pizza Hut" had 2 public entrances, but only 1 complied with the requirements of ADAAG 206.4, rather than the required 2 in violation of ADAAG 206.4.1. Plaintiff requires both public entrances to be fully accessible and located on accessible routes to be adequately protected in the event of a fire.

e. "Pizza Hut" lacked 2 accessible means of egress, in violation of ADAAG 207.1. Plaintiff requires the adequate means of egress prescribed by international safety standards to safely dine at "Pizza Hut".

f. "Pizza Hut" lacked signage at the inaccessible entrance directing customers to the accessible entrance and signage at the accessible entrance identifying that entrance as being accessible, in violation of ADAAG 216.6. This signage helps Plaintiff identify entrances suitable for customers who use wheelchairs for mobility.

g. The sales counter at "Pizza Hut" lacked a section 36 inches wide no more than 36 inches above the ground, in violation of ADAAG 227.3 and 904.4. Plaintiff requires a sales counter at an appropriate height to safely and independently pay for his meal.

25. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Pizza Hut".  To qualify as an accessible parking space, it must be located on the shortest accessible route, marked by appropriate signage, flanked by an access aisle, and comply with sloping requirements. ADAAG 206, 208, 402, 403, 405, 406, and 502.

26. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Pizza Hut" in order to photograph and measure all such barriers to access and violations of the ADA and ADAAG.

27. Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 because the removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers.

28.     Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

29.     As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

30.     Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Pizza Hut" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

31.     Plaintiff incorporates and realleges the above paragraphs.

32.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

33.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

- 7 -

34.     Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "Pizza Hut" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

35.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

36.     Defendant has failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers was required and is readily achievable.

37.     Plaintiff plans to visit "Pizza Hut" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Pizza Hut" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

38.     This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Pizza Hut" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Pizza Hut" until such time as Defendant cures the access barriers.

39.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a.  That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b.  That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), and 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c.  That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 or as otherwise provided by law; and

d.  That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED:  <u>November 13, 2017</u>          <u>/s/ Padraigin L. Browne</u>
                                         Padraigin L. Browne (MN Bar # 389962)
                                         8530 Eagle Point Blvd, suite 100
                                         Lake Elmo, MN 55042
                                         E-mail: paddy@brownelawllc.com
                                         Phone: (612) 293-4805