UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron Dalton,                                                                 Civ. No. 17-4012 (PAM/LIB)

          Plaintiff,

v.                                                                                    **MEMORANDUM AND ORDER**

NPC International, Inc.,

          Defendant.

---

This matter is before Court on Defendant's Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Aaron Dalton, who resides in Burnsville suffers from cerebral palsy. (Am. Compl. (Docket No. 19) ¶¶ 8-9.) He uses a wheelchair and a van with a wheelchair lift. (Id. ¶ 11.) He alleges that the Pizza Hut restaurant in Fergus Falls has failed to remove architectural barriers in violation of the Americans with Disabilities Act ("ADA"). In his original Complaint, he alleged that he was prevented from eating at the Pizza Hut in June 2017 because the reserved disabled parking spaces "lacked adjacent access aisles that extended the full length of the parking spaces." (Compl. (Docket No. 1) ¶ 15.) After the owner of the Pizza Hut, Defendant NPC International, Inc., fixed the parking spaces and filed a motion to dismiss, Dalton filed an Amended Complaint adding several more alleged architectural barriers, none of which he personally encountered. In addition to the original access-aisles claim (Am. Compl. ¶ 15), Dalton now alleges that

the Pizza Hut has two public entrances, one of which is not on an accessible path and is not an accessible means of egress[1] (id. ¶ 17); that there is no signage to identify an accessible entrance/exit (id.); and that the service counter is too tall. (Id. ¶ 18.) Dalton alleges that he was deterred from visiting the Pizza Hut as a result of these alleged architectural barriers. (Id. ¶ 21.) He seeks an injunction and attorney's fees under 42 U.S.C. § 12188(a)(1).

NPC now moves to dismiss, contending that it has remedied three of the five alleged architectural barriers and that Dalton has failed to state a claim with respect to the remaining two barriers.

**DISCUSSION**

NPC raises two distinct challenges to Dalton's claims. One is a factual attack under Rule 12(b)(1), asserting that some of Dalton's claims are moot. The other is a contention under Rule 12(b)(6) that two of Dalton's claims are legally untenable.

**A.    Standards of Review**

A plaintiff alleging discrimination must show that they have a disability under the ADA, the defendant owns or operates a place of public accommodation, and the defendant discriminated against the plaintiff based on that disability. 42 U.S.C. § 12182(a); Amir v. St. Louis Univ., 184 F.3d 1017, 1027 (8th Cir. 1999). The ADA defines discrimination, in relevant part, as "a failure to remove architectural barriers . . .

---

[1] An "accessible means of egress" claim is a claim that there is no accessible emergency exit. (See Def.'s Supp. Mem. (Docket No. 29) at 19.)

in existing facilities . . . where such removal is readily available." 42 U.S.C. 12182(b)(2)(A)(iv).

There is no dispute that Dalton has a disability under the ADA and that the Fergus Falls Pizza Hut is a place of public accommodation. The only issue is whether the Pizza Hut's alleged architectural barriers constitute discrimination against Dalton on the basis of his disability in violation of the ADA.

A motion under Rule 12(b)(1) seeks dismissal of a complaint for lack of subject-matter jurisdiction. NPC avers that three of the five alleged barriers specified in the Amended Complaint have been remedied, and thus NPC challenges the factual truthfulness of the Amended Complaint. In a factual challenge, "no presumptive truthfulness attaches to [plaintiff's] allegations." Iowa League of Cities v. EPA, 711 F.3d 844, 861 (8th Cir. 2013) (citation omitted). It is Dalton's burden to prove that jurisdiction exists. Kennedy Bldg. Assocs. v. Viacom, Inc., 375 F.3d 731, 745 (8th Cir. 2004) (citation omitted).

But to survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir.

2012).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim.  Iqbal, 556 U.S. at 678.

A. Rule 12(b)(1)

NPC alleges that it has remedied the parking lot, signage, and service-counter violations that Dalton asserts in the Amended Complaint.  Thus, according to NPC, Dalton's claims about these violations are moot and the Court lacks jurisdiction over them.  Dalton counters that the Motion is premature because Dalton has not yet had the opportunity to take discovery on the remediation, or on NPC's policies regarding ADA compliance.  But as NPC points out, Dalton has not attempted, in any of the months since he was first notified that NPC had remedied the alleged parking-lot violation, to inquire about the remediation efforts or to verify those efforts on his own.  And other Judges in this District have repeatedly rejected the contention that a jurisdictional challenge is premature.  See Hillesheim v. Buzz Salons, LLC, No. 16cv2225, 2017 WL 3172870, at *2 (June 19, 2017) (Leung, M.J.) (citing cases).

"[A] defendant's voluntary removal of alleged [architectural] barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."  Id. (alterations in original) (quoting Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011)).  But voluntary cessation does not always moot a claim, and NPC "carries a 'heavy burden' of demonstrating not only that it has voluntarily ceased the offending conduct but also that it is 'absolutely clear' the offending conduct 'could not reasonably be expected to recur.'"  Sawczyn v. BMO Harris Bank Nat'l Ass'n, 8 F. Supp. 3d 1108, 1113 (D. Minn. 2014)

4

(Kyle, J.) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)).

Dalton does not argue that NPC's remediation efforts are somehow temporary. He contends instead, for example, that because he has not independently verified the slope of the new parking spaces, NPC has not met its "heavy burden." But Dalton has known about the new parking spaces since late September 2017. In the intervening six months, he could have measured the slope of the spaces and evaluated NPC's other remedial measures, but he chose not to do so. His failure to inspect NPS's remediation efforts does not establish that NPC has somehow failed to meet its burden here.

Dalton can point to no further relief he is due for the alleged ADA violations regarding parking, signage, and service-counter height, and given that the changes NPC implemented are permanent ones, the violations are not reasonably likely to recur. Moreover, "although it would be prudent for [NPC] to have a policy regarding ADA compliance, the absence of such a policy alone does not, as [Dalton] contends, 'seriously undermine[] a finding of mootness' when considering the uncontroverted evidence that the conduct complained of has been remedied." Buzz Salons, 2017 WL 3172870, at *6 (alteration in original) (citations omitted).

Dalton's claims related to three of the alleged architectural barriers are moot.

**B.    Rule 12(b)(6)**

NPC brings two separate challenges under Rule 12(b)(6) to Dalton's claims regarding the allegedly inaccessible second entrance and inaccessible emergency exit. First, NPC argues that, because Dalton did not personally observe these alleged

5

architectural barriers, he has no standing to bring claims about them.  The Amended Complaint makes clear that Dalton did not enter the restaurant because he felt that he could not park in the parking lot.  (Am. Compl. ¶ 19.)  He thus did not personally observe these two remaining architectural barriers.  Dalton amended his pleadings to include these barriers after only NPC remediated the only barrier pled in the original Complaint.[2]  The Amended Complaint does not explain how Dalton discovered the other alleged barriers, and the exhibits attached to the Amended Complaint do not provide any physical evidence regarding the barriers.

Dalton contends that an ADA plaintiff has standing to complain about all architectural barriers that might affect him or her, whether or not the plaintiff personally observed the barriers.  An ADA plaintiff need not have encountered the alleged obstacle to bring suit to correct it.  Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000).  Rather, the plaintiff need only have actual "knowledge of the barriers" and that the barriers would deter the plaintiff from using the building.  Id.  Although NPC correctly notes that the Amended Complaint nowhere alleges how Dalton came to be informed of these architectural barriers, it is clear that Dalton now has the requisite knowledge.  Under Steger, he has standing to raise claims about those barriers.

NPC also argues that, because the Pizza Hut building was built before 1992, the ADA requirements on which Dalton relies do not apply.  See 28 C.F.R. § 36.304.  Dalton

---

[2] The Court notes, as have other Judges in this District, Dalton's counsel's habit of creating a "moving litigation target" with ADA claims.  Buzz Salons, 2017 WL 3172870, at *6.  As Magistrate Judge Leung stated, the addition of more alleged barriers says less about the defendant's alleged recalcitrance and more about the plaintiff's "litigation strategy designed to draw out these proceedings."  Id.

6

did not respond to NPC's argument as it relates to the allegedly inaccessible emergency entrance, thus conceding that this portion of his claim should be dismissed.

With regard to the allegedly inaccessible second entrance, the Amended Complaint's allegations are so vague and conclusory as to make a response impossible. In fact, Dalton has not plausibly alleged even the existence of this second inaccessible entrance, despite being given two chances to do so. NPC presented photographs of every door on the building, and still Dalton's attorney did not specify which of the three doors constitutes this allegedly inaccessible second entrance. Because it is evident that there is no such second inaccessible entrance, allowing Dalton to amend the Amended Complaint to include additional allegations in this regard would be futile. See Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) ("[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.") (citation omitted). This portion of Dalton's claim is appropriately dismissed with prejudice.

**CONCLUSION**

Dalton's claims regarding three of the alleged architectural barriers are moot, he failed to oppose NPC's Motion with respect to a fourth barrier, and his claim regarding the fifth barrier, even if well pled, would not survive a motion to dismiss. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 27) is **GRANTED** and the Amended Complaint (Docket No. 19) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 20, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge